IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| STARSHA SEWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 8:15-cv-03076-DKC |
| | ) |
| AMERICAN EDUCATION SERVICES/ PHEAA, | ) |
| | ) |
| Defendant. | ) |

## PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Joseph P. Esposito (Md. Fed. Bar No. 05927)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave N.W.
Washington, D.C. 20037-1701
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
jesposito@hunton.com

Jill Marie deGraffenreid (Md. Fed. Bar No. 013536)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone: (703) 714-7400
Facsimile: (703) 714-7410
jdeGraffenreid@hunton.com

*Counsel for Defendant Pennsylvania Higher Education Assistance Agency*

## I. INTRODUCTION

The Pennsylvania Higher Education Assistance Agency ("PHEAA") is a statutorily-created instrumentality of the Commonwealth of Pennsylvania that, among other things, services federal student loans. Plaintiff Starsha Sewell has brought a *pro se* racial discrimination case against PHEAA based on PHEAA's purported failure to include her Perkins loan in her Federal Special Direct Consolidation Loan. As a matter of law, however, Perkins loans are not eligible for inclusion in the Federal Special Direct Consolidation Loan program. As for her claims of racial discrimination, Ms. Sewell's complaint is full of conclusory allegations and devoid of facts. In a nutshell, Ms. Sewell's Complaint falls woefully short of the *Twombly/Iqbal* pleading requirements, because it alleges absolutely no facts that, if taken as true, would tend to make any of her claims plausible.

## II. RELEVANT FACTS

### A. The Special Direct Consolidation Loan Program.

The U.S. Department of Education's Special Direct Consolidation Loan Program was a special initiative by President Obama, with different benefits than the traditional Direct Consolidation Loan program, and was available from January of 2012 through June of 2012.[1] Only specific student loans were eligible for the program.[2] Perkins Loans were among those that were not eligible for special consolidation.[3]

---

[1] *Special Direct Consolidation Loans*, U.S. Dep't of Education, http://web.archive.org/web/20120224110327/http://studentaid.ed.gov/PORTALSWebApp/students/english/specialconsolidation.jsp.

[2] *Id.*

[3] *Id.*

B.     **Factual Allegations of the Complaint.**

Ms. Sewell had multiple student loans.  (*See* Compl., Ex. 1 at 2.)  On February 1, 2012, she applied for loan consolidation under the U.S. Department of Education's Special Direct Consolidation Loan Program.  (Compl. Ex. 1.)  One of Ms. Sewell's loans was a Perkins loan from Nova Southeastern University.  (Compl. at 1.)  According to Ms. Sewell, PHEAA did not consolidate or pay off that loan, and it was placed in default.  (*Id*. at 1-2.)

On October 9, 2015, Ms. Sewell filed her Complaint in this Court.  Based on vague, conclusory allegations, she asks for hundreds of thousands of dollars in compensatory damages and millions of dollars in punitive damages.  (*Id*. at 3.)  Ms. Sewell's Complaint contains several legal theories, all centered around her claim that PHEAA discriminated against her on the basis of her race when it did not consolidate her Perkins loan.  Her Complaint fails to state a claim upon which relief can be granted under any of these theories, however, and should be dismissed.

### III.  ARGUMENT

A.     **Standard of Review.**

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss any complaint that does not state a claim "upon which relief can be granted." *Francis v. Giacomelli*, 588 F.3d 186, 192-93 (4th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Giacomelli*, 588 F.3d at 193 (quoting *Iqbal*, 556 U.S. at 678).  Rather, the plaintiff must articulate facts that, if accepted as true, "show" that

the plaintiff is entitled to relief.  *Giacomelli*, 588 F.3d at 193 (quoting *Iqbal*, 556 U.S. at 677-78).  A complaint must contain "more than labels and conclusions."  *Twombly*, 550 U.S. at 555.  When addressing a Rule 12(b)(6) motion aimed at a *pro se* complaint, a district court is not required to "construct full blown claims from sentence fragments."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert denied*, 475 U.S. 1088 (1986).

The allegations in Ms. Sewell's Complaint, accepted as true for the purposes of this Rule 12(b)(6) motion to dismiss, do not present a plausible claim for relief under any of the legal theories mentioned in her Complaint.

**B.     Ms. Sewell Fails To State A Claim For Relief Under Any Theory.**

Ms. Sewell's Complaint is virtually impenetrable.  Her factual allegations are vague, and she does no more than throw out conclusory allegations of racial discrimination, obstruction of justice, violation of Title IX, and violation of the Fair Credit Reporting Act.  In short, Ms. Sewell has failed to state a claim under any theory of law.[4]

---

[4] Ms. Sewell is an experienced pro se plaintiff, especially in the District of Maryland.  *See Sewell v. Fidelity National Financial*, No. 8:15-cv-03392-PWG (D. Md. filed Nov. 5, 2015) (claim under § 1981); *Sewell v. Washington Metropolitan Area Transit Authority*, No. 8:15-cv-01334-TDC (D. Md. Nov. 2, 2015) (order denying motion for reconsideration of order dismissing case) (discrimination claim); *Sewell v. Prince George's Cnty. Dep't of Soc. Servs.*, No. 8:12-cv-02522-DKC (D. Md. Nov. 2, 2015) (order denying motion for relief from judgment) (discrimination claim under Section 1981); *Sewell v. Fidelity National Financial*, No. 8:15-cv-03077-PWG (D. Md. filed Oct. 9, 2015) (discrimination claim under Section 1981); *Sewell v. Strayer Univ.*, 596 F. App'x 251 (4th Cir. 2015) (discrimination claim), *cert. denied*, No. 14-10114, 2015 WL 3548374 (U.S. Oct. 5, 2015); *Howard v. Sewell*, 585 F. App'x 277 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 2352 (2015); *Sewell v. Prince George's Cnty. Dep't of Soc. Servs.*, 560 F. App'x 175 (4th Cir.), *cert. denied*, 135 S. Ct. 203 (2014); *Sewell v. Dore*, 560 F. App'x 212 (4th Cir. 2014); *Sewell v. Washington Metropolitan Area Transit Authority*, No. 8:13-cv-02961-TDC (D. Md. July 11, 2014) (order granting voluntary dismissal) (discrimination claim); *Sewell v. Vatterott Educ. Centers, Inc.*, 470 F. App'x 523 (8th Cir. 2012) (discrimination claim under Section 1981), *cert. denied* 133 S.Ct. 1825 (2013).

1. **<u>Ms. Sewell Fails To State A Claim For Relief Under 42 U.S.C. § 1981.</u>**

Ms. Sewell alleges that PHEAA discriminated against her on the basis of her race in violation of 42 U.S.C. § 1981 by failing to consolidate her Perkins loan. This claim fails for multiple reasons.

A cause of action under Section 1981 "must be founded on purposeful, racially discriminatory actions." *Fangbeng Fuondjing v. Am. Airlines, Inc.*, No. CIV.A. DKC 10-1169, 2011 WL 1375606, at *4 (D. Md. Apr. 12, 2011) (quoting *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018 (4th Cir. 1999)). The elements of a Section 1981 cause of action are "(1) [the plaintiff] is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities protected by the statute." *Id.* Section 1981(b) protects "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S. Code § 1981(b).

Ms. Sewell alleges that PHEAA breached a contract with her when it did not consolidate her Perkins loan. (Compl. at 1.) It is "well-established" that a complaint alleging a breach of contract "must of necessity allege with certainty and definiteness facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant." *RRC Ne., LLC v. BAA Maryland, Inc.*, 413 Md. 638, 655 (2010). When considering the legal sufficiency of a complaint alleging breach of contract, "any ambiguity or uncertainty in the allegations is to be construed against the pleader." *Id.*

Here, Ms. Sewell does not even claim that she had a contract with PHEAA. Instead, she alleges that she applied for a federal consolidation loan "with the US Department of Education."

(Compl. at 1). Her loan application confirms that her loan is with the Department of Education. *See* Compl. Ex. 1 at 4 ("The U.S. Department of Education (ED) will provide me with . . ."); 5 ("I promise to pay to the ED all sums disbursed under the terms of this Note"), 5 ("If ED accepts my application . . ."); and 6 ("No provision of this Note may be modified or waived except in writing by ED."). Thus, the facts in her Complaint, taken as true for purposes of this Motion to Dismiss, show that her contract (the loan application) was with the federal government, not with PHEAA.

Even if Ms. Sewell did allege a contract between herself and PHEAA, the facts alleged in her Complaint and her exhibits show that there was no breach by PHEAA. It simply was not legally possible to consolidate Ms. Sewell's Perkins loan.

Ms. Sewell attached two exhibits to her complaint, her application for a Special Direct Consolidation Loan and an email from PHEAA to Nova Southeastern University ("NSU"). (Compl. Exs. 1-2.) Under Fed. R. Civ. P. 10(c), these exhibits are considered to be part of the complaint. *Rogers v. Hous. Auth. of Prince George's Cnty.*, No. PWG-14-2940, 2015 WL 5287128, at *3 (D. Md. Sept. 8, 2015).

Ms. Sewell had a Perkins loan from Nova Southeastern University. (*See* Compl. at 1; *Id.* Ex. 2.) She listed this loan on her application for special loan consolidation that she signed on February 1, 2012. (Compl. Ex. 1.) This application, attached as her Exhibit 1, contains the application for a Consolidation Loan, the Promissory Note, the Borrower's Rights and Responsibilities Statement, Important Notices, Instructions, and the Addendum with the terms for the Special Direct Consolidation Program. (*Id.*) The loan application Addendum (*Id.* at 13-17) includes "changes" that "are incorporated into and made a part of the accompanying Note . . .

the Borrower's Rights and Responsibilities Statement, and any accompanying materials [the borrower] may receive." As Ms. Sewell correctly recognizes in her complaint, the terms in the special program addendum modify some of the terms on pages 1-12 of the Exhibit. (*See* Compl. at 1-2 (citing Ex. 1 at 13 (the first page of the Addendum)).)

Ms. Sewell is correct to point out (Compl. at 1-2) that the Addendum contains the list of the types of loans that may be consolidated into a Special Direct Consolidation Loan: "types A, B, C, H, J, O, P, S, and T (see 'Loan Types and Their Codes' later in these instructions)." (Compl. Ex. 1 at 13.) Critically, none of these codes refers to a Perkins loan. Thus, Perkins loans were *not* eligible for the special consolidation program.

This fact is made even clearer later in the Addendum to her loan application. Page 16 of Exhibit 1 twice expressly lists the types of loans that *are* eligible for special consolidation:

- Subsidized Federal Stafford Loans
- Unsubsidized Federal Stafford Loans (including Nonsubsidized Federal Stafford Loans)
- Federal PLUS Loans (for parents or for graduate and professional students)
- Subsidized Federal Consolidation Loans
- Unsubsidized Federal Consolidation Loans
- Federal Insured Student Loans (FISL)
- Guaranteed Student Loans (GSL)
- Federal Supplemental Loans for Students (SLS)
- Auxiliary Loans to Assist Students (ALAS)

Perkins loans are *not* included. And finally, the guidance that the Department of Education posted on its website when the Special Direct Consolidation Loans were being offered expressly listed Perkins Loans as a loan type that *is not* eligible for special consolidation:

The following loans are *not* eligible for consolidation under this initiative:
- Direct Loans;
- FFEL loans owned by the Department and serviced by one of the Department's servicers;

- Commercially-held FFEL loans in an in-school status;
- Commercially-held FFEL loans in default or subject to a bankruptcy proceeding;
- *Perkins Loans*;
- Health Education Assistance Loans (HEAL), Health Professions Student Loans (HPSL), Nursing Student Loans (NSL), Loans for Disadvantaged Students (LDS); and
- Private student loans[5]

As Ms. Sewell's loan application and the Department's guidance clearly demonstrate, Ms. Sewell's Perkins loan from NSU was not eligible to be consolidated into the special consolidation loan she applied for. Consequently, PHEAA did not breach any contractual obligation or interfere with any contractual relationship by not consolidating it.

Ms. Sewell's Section 1981 claim fails for a second reason: the facts alleged in her Complaint do not plausibly show any discriminatory actions by PHEAA or any intent to discriminate against Ms. Sewell on the basis of her race. Although Ms. Sewell repeatedly makes the conclusory allegation that PHEAA discriminated against her because she is African American, she pleads no facts that might conceivably support this conclusion. She also fails to identify any actions PHEAA took, other than not consolidating her Perkins loan, and fails to show how this could have been discriminatory. She likewise fails to allege any facts that might show an *intent* to discriminate against her based on her race. Indeed, the Complaint does not even allege that PHEAA knew that Ms. Sewell was African American.

Ms. Sewell's Complaint therefore fails to state a claim under Section 1981.

---

[5] *Special Direct Consolidation Loans*, U.S. Dep't of Education, http://web.archive.org/web/20120224110327/http://studentaid.ed.gov/PORTALSWebApp/students/english/specialconsolidation.jsp (emphasis added).

**2.    Ms. Sewell Fails To State A Claim For Relief Under 18 U.S.C. § 1519.**

Ms. Sewell alleges that PHEAA "engaged in fraudulent obstruction of Justice" in violation of 18 U.S.C. § 1519. (Compl. at 2, Count 3.) This statute provides criminal penalties for anyone who "alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence [a federal investigation]." 18 U.S.C. § 1519. Ms. Sewell's Complaint fails to state a claim under Section 1519.

Because Section 1519 is a criminal statute, Ms. Sewell cannot bring a civil claim for an alleged violation of it. "[A] civil litigant cannot allege violations of criminal law." *Cohens v. Maryland Dep't of Human Res.*, No. CIV. WDQ-11-3419, 2013 WL 3944451, at *1 n.7 (D. Md. July 30, 2013) (denying a claim "for obstruction of justice and proceedings" brought under 18 U.S.C. §§ 1505, 1509, and 1519), *appeal dismissed*, 567 F. App'x 195 (4th Cir. 2014) and *reconsideration denied in part*, No. CIV. WDQ-11-3419, 2014 WL 4259115 (D. Md. Aug. 26, 2014), *aff'd*, 588 F. App'x 224 (4th Cir. 2014); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Even if Ms. Sewell could bring a civil claim under Section 1519, her Complaint would still fail to state a claim for relief. "A plain reading of the pertinent language of § 1519 requires the government to prove the following elements: (1) the defendant made a false entry in a record, document, or tangible object; (2) the defendant did so knowingly; and (3) the defendant intended to impede, obstruct, or influence" a federal investigation. *United States v. Powell*, 680 F.3d 350, 355-56 (4th Cir. 2012). Ms. Sewell's Complaint does not identify a single fact to support any of

these three elements.  The Complaint does not allege that PHEAA made a false entry in any record, document, or tangible object, knowingly or otherwise.  There is no ongoing federal investigation, nor does the Complaint allege that there is.  Finally, the Complaint identifies no facts that might show that PHEAA had an intent to obstruct any federal investigation.

Accordingly, the Complaint fails to state an "obstruction of justice" claim under 18 U.S.C. § 1519.

3.     **Ms. Sewell Fails To State A Claim For Relief Under Title IX.**

Ms. Sewell also claims that PHEAA discriminated against her on the basis of her sex, in violation of 20 U.S.C. § 1681 and the Department of Education's Title IX regulations, 34 C.F.R. §106.1 *et seq* (collectively, "Title IX").  (Compl. at 2, Count 3.)  This conclusory allegation fails to state a claim for relief.

Title IX prohibits discrimination "on the basis of sex" in "any education program or activity receiving Federal financial assistance."  20 U.S.C. § 1681(a).  It is unclear from her Complaint whether Ms. Sewell is alleging that PHEAA violated Title IX, or that PHEAA covered up a violation of Title IX by Nova Southeastern University.  (*See* Compl. at 2, Count 3.) To the extent Ms. Sewell purports to allege that PHEAA violated Title IX, she has not stated a claim because she does not identify a single fact that even begins to suggest that PHEAA discriminated against her or took any actions based on her gender.

To the extent Ms. Sewell alleges that PHEAA or David Racculia concealed racial and gender discrimination at NSU, this is again a conclusory allegation with no facts that might support it.  Title IX does not provide a cause of action for concealing racial or gender discrimination elsewhere, when a party is neither responsible for, nor aware of it.  Again, Ms.

Sewell fails to identify a single fact that might support this claim, including the nature of the supposed discrimination by NSU, or knowledge by PHEAA of any such discrimination.

Ms. Sewell also contradicts her own allegation that she was discriminated against on the basis of her sex by claiming that her "race is the sole factor that AES/PHEAA breached contract [sic]." (Compl. at 2.)

4. **Ms. Sewell Fails To State A Claim For Relief Under The Fair Credit Reporting Act.**

In passing, Ms. Sewell asserts that PHEAA supposedly violated the Fair Credit Reporting Act ("FCRA") by placing a loan in default. (Compl. at 2, Count 1.) She does not, however, identify what section of the FCRA PHEAA allegedly violated. In any event, she fails to state a claim under FCRA.

Since PHEAA provides credit information to Credit Reporting Agencies ("CRAs"), FCRA imposes a duty on PHEAA to provide accurate information to CRAs. *Ross v. F.D.I.C.*, 625 F.3d 808, 813 (4th Cir. 2010). PHEAA also has a duty, "[a]fter receiving notice ... of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," to "conduct[] an investigation into the dispute and correct[] any errors discovered with the CRA." *Id.*

Ms. Sewell does not identify any facts that might show that PHEAA failed to provide accurate information to a credit reporting agency, or that PHEAA received notice of a dispute and failed to conduct an adequate investigation into it.

The conclusory allegation that PHEAA "placed a loan in default in violation of [Ms. Sewell's] Loan Application and Promissary [sic] note" (Compl. at 2, Count 1) is contradicted by Sewell's own Exhibit 1. As discussed above, PHEAA did not act in violation of Ms. Sewell's

loan application by not consolidating her Perkins loan. The loan could not have been consolidated because Perkins loans were not eligible for the special consolidation loan Ms. Sewell applied for.

Therefore, the Complaint fails to state a claim for a violation of the FCRA.

C. **Ms. Sewell Fails To Identify Any Basis For An Award Of Punitive Damages.**

Ms. Sewell seeks $3 million in punitive damages. (Compl. at 3.) But punitive damages cannot be awarded in the absence of an award of compensatory damages. *Caldor, Inc. v. Bowden*, 330 Md. 632, 661 (1993). As discussed above, the Complaint does not state a claim that can support an award of any compensatory damages. Thus, Ms. Sewell cannot recover punitive damages.

Additionally, punitive damages categorically cannot be awarded in a breach of contract case in Maryland. *George Wasserman & Janice Wasserman Goldsten Family LLC v. Kay*, 197 Md. App. 586, 636 (2011). And to recover punitive damages in any tort case in Maryland, a plaintiff must show "actual malice, in the sense of conscious and deliberate wrongdoing, evil or wrongful motive, intent to injure, ill will, or fraud." *Id*. Here, "[t]he alleged facts, if proved, simply do not demonstrate actual malice." *See id*.

To the extent the Complaint brings a claim for breach of contract, punitive damages cannot be awarded, and to the extent it brings tort claims, it fails to plead any facts that might demonstrate actual malice. Ms. Sewell's Complaint therefore fails to state a claim for punitive damages.[6]

---

[6] PHEAA also submits that it is an "arm of the state" of Pennsylvania and, thus, shares in Pennsylvania's Eleventh Amendment immunity from suit in federal court. PHEAA is an agency of the Commonwealth of Pennsylvania. *Parsons v. PHEAA*, 910 A.2d 177, 182-83 (Pa.

## IV. **CONCLUSION**

For the foregoing reasons, the Court should dismiss the Plaintiff's Complaint.

Respectfully submitted,

PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY

_____/s/_____
Joseph P. Esposito (Md. Fed. Bar No. 05927)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave N.W.
Washington, D.C. 20037-1701
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
jesposito@hunton.com


Jill Marie deGraffenreid (Md. Fed. Bar No. 013536)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone: (703) 714-7400
Facsimile: (703) 714-7410
jdeGraffenreid@hunton.com

*Counsel for Defendant Pennsylvania Higher
Education Assistance Agency*

---

Commw. Ct. 2006); *PHEAA v. Xed*, 456 A.2d 725, 726 (Pa. Commw. Ct. 1983); *Richmond v. PHEAA*, 297 A.2d 544, 546-47 (Pa. Commw. Ct. 1972); *PHEAA v. Barksdale*, 449 A.2d 688, 689 (Pa. Super. Ct. 1982); *Pennsylvania Dep't of Revenue v. Bookser*, 3 Pa. D. & C.4th 566, 568-69 (Pa. Com. Pl. 1989) *PHEAA v. Reid*, 15 Pa. D. & C.3d 661, 665-66 (Pa. Com. Pl. 1980). Although the recent decision of *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, No. 15-1093, 2015 WL 6163007 (4th Cir. Oct. 21, 2015), *reh'g en banc denied*, No. 15-1093 (4th Cir. Nov. 17, 2015) held that PHEAA is not an arm-of-the-state, PHEAA has until February 15 to file a petition for certiorari with the Supreme Court of the United States.

**CERTIFICATE OF SERVICE**

I certify that on November 18, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record. I also certify that, on November 18, 2015, I caused a copy of the foregoing to be served via electronic mail and first-class mail upon Plaintiff at the following address:

> Starsha Sewell
> P.O. Box 7073
> Capitol Heights, MD 20791
> Smsewell2002@yahoo.com

> _____/s/_____
> Joseph P. Esposito (Md. Fed. Bar No. 05927)
> HUNTON & WILLIAMS LLP
> 2200 Pennsylvania Ave N.W.
> Washington, D.C. 20037-1701
> Telephone: (202) 955-1500
> Facsimile: (202) 778-2201
> jesposito@hunton.com
>
> Jill Marie deGraffenreid (Md. Fed. Bar No. 013536)
> HUNTON & WILLIAMS LLP
> 1751 Pinnacle Drive, Suite 1700
> McLean, Virginia 22102
> Telephone: (703) 714-7400
> Facsimile: (703) 714-7410
> jdeGraffenreid@hunton.com
>
> *Counsel for Defendant Pennsylvania Higher Education Assistance Agency*