IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| STARSHA SEWELL | : |  |
|  | : |  |
| v. | : | Civil Action No. DKC 15-3076 |
|  | : |  |
| AMERICAN EDUCATION SERVICES/ PHEAA | : |  |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion to dismiss filed by Defendant American Education Services/Pennsylvania Higher Education Assistance Agency ("Defendant"). (ECF No. 7). Also pending are several motions filed by Plaintiff Starsha Sewell ("Plaintiff"). (ECF Nos. 11; 13; 15; 17). The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion to dismiss will be granted. Plaintiff's motions will be denied.

**I.   Background**[1]

On February 1, 2012, Plaintiff filed an application to consolidate her student loans with the United States Department

---

[1] When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). The facts outlined here are construed in the light most favorable to Plaintiff, the nonmoving party. On a motion to dismiss, a court may consider documents "attached to or incorporated into the complaint." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

of Education. (ECF No. 1-1). Attached to Plaintiff's application was an addendum indicating that Plaintiff applied for a "Special Direct Consolidation Loan." (*Id.* at 13-17). The addendum included the terms and conditions governing a Special Direct Consolidation Loan. It noted that, if certain requirements are met, the following loan types may be consolidated: Subsidized Federal Stafford Loans; Unsubsidized Federal Stafford Loans; Federal PLUS Loans; Subsidized Federal Consolidation Loans; Unsubsidized Federal Consolidation Loans; Federal Insured Student Loans; Guaranteed Student Loans; Federal Supplemental Loans for Students; and Auxiliary Loans to Assist Students. (*Id.* at 16). Defendant became the servicer of Plaintiff's consolidated loan. According to Plaintiff, one of her loans, a loan with Nova Southeastern University (the "Nova loan"), was not consolidated. (ECF No. 1, at 1).[2] Plaintiff was unaware that the Nova loan was not consolidated, and the loan went into default.

On October 9, 2015, Plaintiff, proceeding *pro se*, filed a complaint to commence this action. (ECF No. 1). Along with her complaint, Plaintiff filed a motion to proceed *in forma*

---

[2] Although it appears that the Nova loan is a Perkins Loan (*see* ECF Nos. 1, at 2; 1-2), Plaintiff's complaint and attached exhibit also refer to the Nova loan as a type "P" loan, which is an Auxiliary Loan to Assist Students (ECF No. 1, at 1; 1-1, at 2). Therefore, at this stage, it is not clear what type of loan the Nova loan is.

*pauperis*, which was granted. (ECF Nos. 2; 3). Plaintiff's exact claims are not entirely clear, but it appears that she is asserting claims of: breach of contract; discrimination based on race in violation of 42 U.S.C. § 1981; a violation of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*; and "fraudulent obstruction of [j]ustice" in violation 18 U.S.C. § 1519 and Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.* (ECF No. 1, at 2).

On November 18, Defendant filed the pending motion to dismiss for failure to state a claim. (ECF No. 7). Plaintiff was provided with a *Roseboro* notice, which advised her of the pendency of the motion to dismiss and her entitlement to respond within 17 days. (ECF No. 9); *see Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding that *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment). In response, Plaintiff filed a "Motion to Strike and Dismiss Defendant's Motion to Dismiss [and] a Motion for Declaratory Judgment" (ECF No. 11), and Defendant responded in opposition (ECF No. 12).[3] Plaintiff also filed a "Second Motion to Strike and Dismiss Response in

---

[3] Although styled as a "motion to strike," the court construes ECF No. 11 as a response to Defendant's motion to dismiss. To the extent that Plaintiff seeks a declaratory judgment with this "motion," such a motion is inappropriate because she did not seek declaratory judgment in the complaint, and the legal remedies sought would be more than adequate. Accordingly, this motion will be denied.

Opposition [and] a Second Motion for Declaratory Judgment" (ECF No. 13), to which Defendant responded (ECF No. 14).[4] Plaintiff then filed a "Motion for Default Judgment" (ECF No. 15) and a "Motion for Ruling on Plaintiff's [Prior Motions]" (ECF No. 17).[5]

**II. Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or

---

[4] Plaintiff's "second motion" to strike and for declaratory judgment is duplicative of her first motion and, to the extent it is a motion, will be denied.

[5] Under Fed.R.Civ.P. 55(a), a default judgment is appropriate only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Here, default judgment is inappropriate because Defendant timely filed a motion to dismiss and has otherwise defended this action. Accordingly, Plaintiff's motion for default judgment will be denied.
Plaintiff's "Motion for Ruling on Plaintiff's [Prior Motions]" attempts to summarize Plaintiff's prior arguments. Such a motion is improper and will be denied.

"naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011).  In evaluating the complaint, unsupported legal allegations need not be accepted.  *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events.  *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Generally, *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). Even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB–12–969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief.").

**III. Analysis**

　　**A.　Breach of Contract**

Plaintiff asserts that Defendant "refused to remove the loan from default in violation of the contractual agreement in violation of 42 U.S.C. § 1981." (ECF No. 1, at 2). It is not

clear if Plaintiff attempts to assert a separate common-law breach of contract claim or solely a § 1981 claim. Construing the complaint liberally, Plaintiff alleges that Defendant breached a contract by not consolidating the Nova loan despite the fact that Plaintiff listed it on her consolidation application.  Defendant counters that Plaintiff has not plausibly stated that she had a contract with Defendant. Rather, Defendant argues that Plaintiff only references her *application* for consolidation, which was submitted to the Department of Education, not Defendant.

"To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation."  *Jaguar Land Rover N. Am., LLC v. Manhattan Imported Cars, Inc.*, 738 F.Supp.2d 640, 649 (D.Md. 2010) (citing *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001)).  Here, Plaintiff has not put forth facts alleging that Defendant owed her a contractual obligation.  Plaintiff listed the Nova loan on her application for consolidation with the Department of Education, but she makes no factual assertions that Defendant entered into a contractual agreement binding it to consolidate the Nova loan.  Accordingly, Defendant's motion to dismiss will be granted as to Plaintiff's breach of contract claim.

### B. Discrimination in Violation of § 1981

Plaintiff contends that Defendant failed to consolidate the Nova loan because of her race in violation of § 1981. To prove a § 1981 claim, Plaintiff must "ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006). Section 1981 "require[s] that plaintiffs plausibly allege intentional discrimination." *Hodge v. College of Southern Maryland*, 121 F.Supp.3d 486, 502 (D.Md. 2015). As discussed in the foregoing section, Plaintiff has not shown that Defendant interfered with a contractual interest. Perhaps more importantly, Plaintiff provides only vague, conclusory assertions that Defendant's actions were motivated by a racial animus. Plaintiff has put forth no facts plausibly alleging that Defendant was even aware of her race, let alone that it failed to consolidate the Nova loan because of her race. Such bald, unsupported assertions are insufficient to overcome a motion to dismiss. Accordingly, Plaintiff's § 1981 claims will be dismissed.

### C. Other Statutory Claims

Plaintiff alleges that Defendant violated the following statutory provisions: the FCRA; 18 U.S.C. § 1519; and Title IX. First, Plaintiff asserts that Defendant violated the FCRA when

it "placed a loan in default in violation of [Plaintiff's] Loan Application and Promiss[o]ry note." (ECF No. 1, at 2). "The FCRA is a comprehensive statutory scheme designed to regulate the consumer reporting industry." *Ross v. F.D.I.C.*, 625 F.3d 808, 812 (4th Cir. 2010). The FCRA's requirements and prohibitions are set forth in several sections, and the statute provides a private right of action against businesses that negligently or willfully fail to comply with its provisions. *See* 15 U.S.C. §§ 1681n, 1681o. It is not clear how exactly Plaintiff contends Defendant violated the FCRA, and the complaint contains no factual assertions showing that Defendant negligently or willfully violated the statute. Plaintiff's passing reference to the FCRA, made in connection with her breach of contract and § 1981 claims, and without citation to a specific provision, is not sufficient to state a viable claim.

Plaintiff also alleges that Defendant "engaged in fraudulent obstruction of justice in violation of 18 U.S.C. § 1519. (ECF No. 1, at 2). Plaintiff may not bring a civil claim under § 1519, which is a criminal statute. *See Randolph v. Holder*, No. ELH-15-982, 2015 WL 1656733, at *2 (D.Md. Apr. 9, 2015) ("If [P]laintiff seeks to pursue criminal charges, she must bring her allegations to the attention of law enforcement authorities.").

Finally, Plaintiff asserts that Defendant discriminated against her on the basis of sex in violation of Title IX. (ECF No. 1, at 2). Title IX prohibits discrimination on the basis of sex in "any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681(a); *see also Consol. Rail Corp. v. Darrone,* 465 U.S. 624, 635-36 (1984) (noting that the Supreme Court has construed Title IX's educational "program or activity" language as "limit[ing] the ban on discrimination to the specific program that receives federal funds"). It is unclear if Title IX applies to Defendant. Assuming *arguendo* that Title IX does apply, Plaintiff pleads no facts plausibly alleging that Defendant discriminated against her on the basis of sex, and she even asserts in the complaint that she believes "race is the sole factor that [Defendant] breached [the alleged] contract." (ECF No. 1, at 2).

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be granted. Plaintiff's motions will be denied. A separate order will follow.

                                               /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge